UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN SMALLWOOD,<br><br>                Plaintiff,<br><br>        v.<br><br>DEPARTMENT OF VETERANS AFFAIRS, *et al.*,<br><br>                Defendants. | Case No. 1:24-cv-00141-JLT-CDB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>(Doc. 34)<br><br>**Deadline: August 18, 2025** |

On January 31, 2024, Plaintiff Shawn Smallwood initiated this action with the filing of a complaint against the SASD Development Group, LLC, the United States Department of Veterans Affairs ("VA"), and VA employees in their official capacity. (Docs. 1, 2). Pending before the Court is Plaintiff's motion for leave to file a first amended complaint, filed August 7, 2025. (Doc. 34).

**Background**

In the motion, Plaintiff asserts that the proposed first amended complaint removes the first and second claims for relief in the initial complaint and "consolidates those claims under the existing claim that the VA failed to conduct adequate" review under the National Environmental Protections Act ("NEPA") of the "Community-Based Outpatient Clinic" (the "Project") in Bakersfield, California, "prior to executing the lease for the Project." (Doc. 34 at 3-4).

Plaintiff states that the proposed first amended complaint adds two claims for relief. The

1  first concerns the VA's findings in April 2025 of "No Significant Impact" as "arbitrary, capricious, an abuse of discretion and contrary to law in violation of NEPA and Administrative Procedures Act." The second concerns the United States Fish and Wildlife Service's ("FWS") "Biological Opinion" issued in March 2025 as "arbitrary, capricious, an abuse of discretion and contrary to law in violation of the Endangered Species Act and Administrative Procedure Act." Plaintiff represents that, additionally, Douglas A. Collins is added as a defendant in his official capacity as the current Secretary of the VA, and removes Denis Richard McDonough, who was Secretary of the VA when the original complaint was filed. Further, Plaintiff states that Paul Souza and Kim S. Turner of the FWS are added in their official capacity in regards to the new claim challenging the FWS' "Biological Opinion." *Id*. at 4.

Plaintiff asserts that opposing parties would not be prejudiced by amendment of the complaint as they do not oppose the motion. *Id.* at 5-6. Plaintiff states there is no undue delay as the amendment to the complaint is sought regarding "recent 2025 decisions of the VA and FWS, which had not yet occurred when Plaintiff the Original Complaint in January 2024." Plaintiff represents that this motion is not brought in bad faith or with improper motive, that there have been no previous amendments to the complaint, and amendment would not be futile as the claims are brought "well within their respective statute of limitations and the addition of FWS and its associated officers will not affect this Court's jurisdiction." *Id.* at 6.

Accompanying the motion is the declaration of counsel for Plaintiff Brian B. Flynn. (Doc. 34-1). Mr. Flynn represents that he provided the proposed first amended complaint to Defendants via email, as well as a redline comparison with the original complaint, and Defendants did not oppose the motion. *Id.* ¶¶ 2-6. Plaintiff attaches to the motion the proposed first amended complaint (Doc. 34, Ex. 1) and a redline comparison with the original complaint (*id.*, Ex. 2).

**Governing Law**

Rule 15 permits a plaintiff to amend the complaint once as a matter of course no later than 21 days after service of the complaint or 21 days after service of a responsive pleading or motion to dismiss, whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1). After such time has passed or plaintiff has once amended their complaint, amendment may only be by leave of the court or by written

2

consent of the adverse parties. Fed. R. Civ. P. 15(a)(2). "Rule 15(a) is very liberal" and a court should freely give leave to amend when "justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'") (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)).

Granting or denying leave to amend a complaint under Rule 15 is within the discretion of the court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir, 1981); *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("refusing Chudacoff leave to amend a technical pleading error, albeit one he should have noticed earlier, would run contrary to Rule 15(a)'s intent.").

A court ordinarily considers five factors in assessing whether to grant leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not weighed equally. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see Atkins v. Astrue*, No. C 10–0180 PJH, 2011 WL 1335607, at *3 (N.D. Cal. Apr. 7, 2011) (the five factors "need not all be considered in each case"). Undue delay, "by itself … is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). On the other hand, futility of amendment and prejudice to the opposing party can, by themselves, justify the denial of a motion for leave to amend. *Bonin*, 59 F.3d at 845; *see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (the consideration of prejudice to the opposing party carries the greatest weight).

In conducting this five-factor analysis, the court generally grants all inferences in favor of permitting amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Moreover, the court must be mindful that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

**Discussion**

The Court addresses the relevant *Nunes* factors below.

**A.    Bad Faith**

A motion to amend is made in bad faith where there is "evidence in the record which would indicate a wrongful motive" on the part of the litigant requesting leave to amend. *DCD Programs*, 833 F.2d at 187; *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) ("In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt.") (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)).

Here, Plaintiff states the amendments are not brought in bad faith (Doc. 34 at 6) and there is no information before the Court suggesting bad faith on the part of Plaintiff in seeking leave to amend. The Defendants do not oppose amendment confirms the absence of bad faith on the Part of Plaintiff. Accordingly, this factor weighs in favor of amendment.

**B.    Undue Delay**

By itself, a showing of undue delay is insufficient to deny leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973); *DCD Programs*, 833 F.2d at 186. However, in combination with other factors, delay may be sufficient to deny amendment. *Webb*, 655 F.2d at 979-80; *see Lockheed Martin Corp. v. Network Solutions Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (substantial delay, while not dispositive, is relevant to whether to permit amendment). In assessing whether there exists undue delay, a court shall consider if "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (citations omitted). The mere fact that a party fails to offer a reason for not moving to amend earlier does not in itself constitute an adequate basis for denying leave to amend. *Howey*, 481 F.2d at 1190-91. Whether there has been "undue delay" should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991).

The Court finds no indication of undue delay in bringing the motion to amend in light of

4

Plaintiff's representations that the added claims relate to VA and FWS decisions dating from 2025, which had not been issued at the time of the filing of the original complaint. (Doc. 34 at 6). As such, this factor weighs in favor of amendment.

### C.     Prejudice to Opposing Party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs, Ltd.*, 833 F.2d at 187. There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

Here, Defendants do not oppose Plaintiff's motion and there is no indication they would be prejudiced by a grant of the motion. Thus, this factor weighs in favor of amendment.

### D.     Prior Amendments

The Court's discretion to deny leave to amend is "particularly broad" where a party has previously amended the pleading. *Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, Plaintiff's proposed amendments would constitute the first amendment to the pleadings. Thus, this factor weighs in favor of granting leave to amend.

### E.     Futility of Amendment

A court may deny leave to amend if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). An amendment is futile if the complaint clearly could not be saved by amendment. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). However, denial of leave to amend on futility grounds is "rare." *Zurich Am. Ins. Co. of Illinois v. VForce Inc.*, No. 2:18-cv-02066-TLN-CKD, 2020 WL 2732046, at *3 (E.D. Cal. May 26, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). "Ordinarily, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Id*.

Plaintiff represents that amendment would not be futile as the claims are brought "well within their respective statute of limitations and the addition of FWS and its associated officers will

not affect this Court's jurisdiction." (Doc. 34 at 6). The Court finds no clear indication of futility on the face of the proposed first amended complaint (Doc. 34, Ex. 1). Thus, this factor weighs in favor of granting leave to amend.

Because the *Nunes* factors all weigh in favor of amendment, the Court will grant Plaintiff's unopposed motion to amend the complaint.

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Plaintiff's motion for leave to file a first amended complaint (Doc. 34) is GRANTED (*see* Fed. R. Civ. P. 15(a)(2));

2. No later than August 18, 2025, Plaintiff SHALL FILE as a stand-alone docket entry the first amended complaint proposed in the motion (Doc. 34, Ex. 1);

3. No later than 30 days after filing of the first amended complaint on the docket, Plaintiff shall effect service of summons and complaint upon newly added Defendants and promptly file proof of service thereof; and

4. Defendants' responsive pleadings shall be filed consistent with Fed. R. Civ. P. 15(a)(3).

IT IS SO ORDERED.

Dated:   **August 13, 2025**                              _____
                                                          UNITED STATES MAGISTRATE JUDGE

6