UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN SMALLWOOD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF VETERANS AFFAIRS, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00141-JLT-CDB<br><br>ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO STAY<br><br>(Doc. 50)<br><br>ORDER VACATING SCHEDULING CONFERENCE<br><br>(Doc. 48) |

Pending before the Court is the motion to stay proceedings in this action, filed on October 6, 2025, by the United States Department of Veterans Affairs, the United States Fish and Wildlife Service, Michael D. Brennan, Douglas A. Collins, Ross A. Davidson, Anntwinette Dupree-Hart, Denis Richard McDonough, Robert C. Merchant, Christine Modovsky, Eric C. Roberts, Paul Souza, and Kim S. Turner (collectively, the "Federal Defendants"). (Doc. 50). The Federal Defendants seek a stay due to the lapse of the appropriations that had been funding the United States Department of Justice. *See id.* The Federal Defendants assert that Plaintiff and Defendant SASD Development Group, LLC ("SASD") do not oppose the motion, but Plaintiff "requests that the Court exclude from the stay any motions for interim relief, including motions for a temporary restraining order or preliminary injunction." *Id.* ¶ 6.

**I.    Standard of Law**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Lockyer v. Mirant Corp*, 398

F.3d 1098, 1109 (9th Cir. 2005).  Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *United States v. Howen*, No. 1:21-cv-00106-DAD-SAB, 2022 WL 1004832, at *3 (E.D. Cal. Apr. 4, 2022) (quoting *Landis*, 299 U.S. at 254).  "[I]f there is even a fair possibility that the . . . stay will work damage to someone else, the party seeking the stay must make out a clear case of hardship or inequity."  *Lockyer*, 398 F.3d at 1112; *United States v. Aerojet Rocketdyne Holdings, Inc.*, 381 F. Supp. 3d 1240, 1250 (E.D. Cal. May 8, 2019).

In considering whether to grant a stay, this Court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).  In granting and lifting stays, a court must weigh "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).  "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." *Id*.

## II.   Discussion

In the pending motion, Federal Defendants seek a stay of the case as, on September 30, 2025, the "appropriations act that had been funding the Department of Justice expired and those appropriations to the Department lapsed.  The Department does not know when such funding will be restored by Congress." (Doc. 50 ¶ 1).

### 1.   Whether Damage is Likely to Result from Issuing a Stay

First, the Court must consider the possible damage that may result from granting the stay.  *CMAX, Inc.*, 300 F.2d at 268.  Federal Defendants seek a temporary stay, until Congress has restored appropriations to the Department of Justice.  *Id.* ¶ 3.  Federal Defendants assert that, "absent an appropriate, Federal Defendants are prohibited from working, even on a voluntary basis, except in very limited circumstances …" *Id.* ¶ 2.  Plaintiff and SASD do not oppose the motion. *Id.* ¶ 6.  Plaintiff "requests that the Court exclude from the stay any motions for interim relief,

including motions for a temporary restraining order or preliminary injunction." *Id.* ¶ 6. The motion to stay sets forth no particulars as to the reasons for Plaintiff's request, nor any details regarding any such forthcoming motions. As a party may file a motion to lift the stay, the Court will decline to include an exception to the stay permitting interim relief. *E.g., Boyle v. Cnty. of Kern*, No. 1:03-cv-05162-OWW-GSA, 2008 WL 220413, at *5 (E.D. Cal. Jan. 25, 2008) ("The corollary to this power is the ability to lift a stay previously imposed."). In light of the Federal Defendants' representation of the prohibition upon working except in limited circumstances, and upon any such motion to lift the stay, the Court will direct Federal Defendants to file a response.

The stay Federal Defendants seek is temporary. As the motion is unopposed, the Court does not have a clear basis upon which to find that there would be material harm to Plaintiff or SASD. *Yong*, 208 F.3d at 1119; *see Grundstrom v. Wilco Life Ins. Co.*, No. 20-cv-03445-MMC, 2020 WL 6873645, at *2 (N.D. Cal. Oct. 13, 2020) (staying action given temporary nature and absence of showing of ongoing harm).

In sum, the Court finds the first *Landis* factor weighs in favor of a stay.

### 2. Whether a Party Would Suffer Hardship or Inequity Absent a Stay

Second, the Court must evaluate "the hardship or inequity which a party may suffer in being required to go forward." *CMAX, Inc.*, 300 F.2d at 268. Here, Federal Defendants represent that, absent emergency situations, they are prohibited from working, even on a voluntary basis. (Doc. 50 ¶ 2). Plaintiff and SASD do not oppose the motion.

Accordingly, the Court finds the second *Landis* factor favors a stay, as there is a likelihood Federal Defendants will suffer hardship if the action proceeds in having to litigate this action while appropriations have lapsed and they are forbidden from working.

### 3. Whether a Stay Would Promote Judicial Economy

Third, the Court must consider whether a stay will promote "the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc.*, 300 F.2d at 268. This third *Landis* factor addresses judicial economy, which "is the primary basis courts consider when ruling on motions to stay." *Vance v. Google LLC*, No. 5:20-cv-04696-BLF, 2021 WL 534363, at *6 (N.D. Cal. Feb. 12, 2021).

Courts (including this Court) have concluded that a stay was appropriate under similar circumstances. *See Chambers v. Herrera*, No. 5:17-CV-02564-MWF-KES, 2019 WL 13548265, at *1 (C.D. Cal. Feb. 4, 2019) (holding that, due to a lapse of appropriations caused by a government shutdown, the "case is stayed until DOJ attorneys are permitted to resume their usual civil litigation functions, at which time AUSA Laske must file a notice with the Court asking to lift the stay"); *United States v. Weldon*, No. 1:18-CV-1318 AWI SKO, 2019 WL 545009, at *1 (E.D. Cal. Jan. 3, 2019) (granting motion filed by United States to stay case until the "government shutdown is resolved and the government is once again funded").

Here, Federal Defendants will be unable to litigate the action except in the case of an emergency. (Doc. 50 ¶ 2). An inability by a party to participate in the action presents a high likelihood of complicating the issues before the Court if a stay is not granted. The Court, therefore, finds that consideration of the third *Landis* factor weighs in favor of staying this action.

### III. <u>Conclusion and Order</u>

After balancing the potential harm and prejudice implicated by staying this action against the competing equities of hardship imposed and judicial economy, the Court finds good cause exists to grant Federal Defendants' motion to stay.

For the reasons set forth above, the Court HEREBY ORDERS that:

1. Federal Defendants' motion to stay (Doc. 50) is GRANTED;
2. This action is STAYED pending Congress' restoration of relevant funding;
3. **Within two (2) days** of Congress appropriating the relevant funds, Federal Defendants SHALL FILE a notice to the Court;
4. The scheduling conference set for October 21, 2025, and the requirement for the parties to file a joint scheduling report in advance (Doc. 48), are VACATED, to be reset upon the lifting of the stay; and

///

///

4

5. Upon any party filing a motion to lift the stay, the Court will direct the Federal Defendants to file a response thereto.

IT IS SO ORDERED.

Dated: **October 8, 2025**

UNITED STATES MAGISTRATE JUDGE